OPINION
{¶ 1} Defendant Raymond Sochor appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled his motion to withdraw a previously entered plea of guilty and imposed the maximum sentence for the crime of which appellant was convicted. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN NOT PERMITTING THE DEFENDANT-APPELLANT TO WITHDRAW HIS PREVIOUSLY ENTERED PLEA OF GUILTY WHEN HIS MOTION TO WITHDRAW HIS PLEA WAS MADE PRIOR TO THE IMPOSITION OF SENTENCE.
 {¶ 3} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE IN VIOLATION OF OHIO REVISED CODE SECTION 2929.14 (C)."
 {¶ 4} The record indicates appellant was charged with burglary, a violation of R.C. 2911.12. Appellant originally pled not guilty, but later changed his plea to guilty and requested a pre-sentence hearing. Appellant executed a written plea of guilty. The court engaged in an exchange with appellant, in which appellant admitted he was satisfied with his attorney and with the quality of legal services the attorney had provided. The court informed appellant that its original inclination was to impose a sentence of eight months. The court further explained that if the pre-sentence investigation report did not satisfy the court that it should change its mind, then appellant would be sentenced to eight months in jail.
 {¶ 5} When the matter came before the court again for a scheduled sentencing hearing, counsel for the appellant appeared and indicated he had advised appellant to remain in the building, but it appeared appellant had left. Appellant did not appear when the case was called, and the court issued a capias for his arrest.
 {¶ 6} Eighteen days later, appellant appeared and expressed his desire to withdraw his guilty plea. Appellant informed the court he had discovered new evidence. The court overruled appellant's motion to withdraw the plea, and sentenced appellant to the maximum prison term of eighteen months. The court stated that in determining the appropriateness of the sentence, the court noted on the previously scheduled sentencing date, appellant arrived for sentencing, but left before the court could pronounce sentence. The court opined that the only reason appellant was present now was because he had been arrested. The court also noted appellant had a prior record, and had been to prison before. The court stated that for these reasons, it would impose the maximum sentence.
 I {¶ 7} Crim.R. 32.1 provides a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed, although the court may set the judgment of conviction aside after sentencing to correct a manifest injustice. A defendant has no absolute right to withdraw a guilty plea prior to sentencing, State v. Xie (1992),62 Ohio St.3d 521. Our standard of reviewing a trial court's ruling on a motion to withdraw a guilty plea is the abuse of discretion standard. The Supreme Court has frequently defined the term abuse of discretion as demonstrating the trial court's decision is unreasonable, arbitrary, or unconscionable, see e.g., State v. Adams (1980), 62 Ohio St.2d 151 at 157. In State v. Kimbrough (May 28, 1988), Stark Appellate No. 7376, this court outlined the factors to consider in determining whether the denial of a motion to withdraw a guilty plea was an abuse of discretion. Some of the factors are the competency of defense counsel, whether the trial court conducted a Crim.R. 11 hearing prior to accepting the plea, whether the court held a hearing on the motion to withdraw, and whether the court gave a full and fair consideration to the motion to withdraw the plea.
 {¶ 8} The State points out there is no evidence in the record the appellant intended to challenge his guilty plea prior to the sentencing hearing. Appellant filed no written motion to withdraw. The trial court held a hearing on the motion to withdraw, and reviewed appellant's explanation that he had a new witness who would testify he had permission to enter the apartment he had been convicted of burglarizing. The trial court determined this was not newly discovered evidence, but rather appellant and defense counsel had known about the witness prior to the guilty plea. The trial court conducted a Crim.R. 11 hearing prior to accepting the plea, and there is no evidence in the record the plea was not entered voluntarily, knowingly, and intelligently. To the contrary, the record demonstrates appellant understood the charge and the consequences of his plea.
 {¶ 9} Based upon this record, this court cannot find the trial court erred and abused its discretion in overruling the motion to withdraw the guilty plea. The first assignment of error is overruled.
 II {¶ 10} In his second assignment of error, appellant argues the trial court erred when it imposed the maximum sentence, for a crime which carries the presumption of community control. Our standard of reviewing such a claim is the clear and convincing standard.
 {¶ 11} R.C. 2929.13 sets forth various factors a sentencing court should apply to determine what a given defendant's sentence should be. One of the factors is whether the offender has previously served a prison sentence. The trial court found, and appellant admitted on the record, he had previously served a prison sentence.
 {¶ 12} R.C. 2929.14 permits a court to impose a maximum term of eighteen months imprisonment for a felony of the fourth degree if it finds the offender has committed the worst form of the offense or imposes the greatest likelihood of committing future crimes. The trial court found the defendant had committed the worst form of the offense, and that he poses the greatest likelihood of recidivism.
 {¶ 13} Appellant argued his failure to appear for sentencing should not have been a factor in the court's decision to impose a maximum sentence. We find this fact certainly impacts upon the likelihood of recidivism, see State v. Daniels (December 21, 2001), Hamilton Appellate No. C-010070 and C-010087.
 {¶ 14} Our review of the record herein leads us to conclude the trial court did not abuse its discretion in sentencing appellant to the maximum sentence available, in spite of its representation earlier that it was inclined to sentence the appellant to less than the maximum penalty.
 {¶ 15} The second assignment of error is overruled.
 {¶ 16} For the foregoing, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur.
topic: criminal law — withdrawal of guilty plea sentencing